IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GREGG HADEN, | § § § | |
| Petitioner, | § § | |
| v. | § § | Case No. 6:19-cv-566-JDK-JKNM |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Gregg Haden, a Texas Department of Criminal Justice inmate proceeding through retained counsel, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On April 21, 2022, Judge Mitchell issued a Report and Recommendation recommending that the Court deny the petition and dismiss the case with prejudice. Judge Mitchell also recommended that a certificate of appealability be denied. Docket No. 11. Petitioner timely objected. Docket No. 12.

**A. Background**

Petitioner was convicted of four counts of aggravated sexual assault of a child and four counts of indecency with a child, receiving four 75-year sentences and four 20-year sentences, all running consecutively. His conviction was affirmed on direct

appeal, and the Texas Court of Criminal Appeals denied his petition for discretionary review. Petitioner then sought state habeas corpus relief, which the Court of Criminal Appeals denied on the findings of the trial court without a hearing.

In his federal petition, Petitioner asserted that: (1) hearsay testimony from an improper outcry witness was erroneously admitted; (2) evidence of extraneous acts was improperly admitted in the guilt-innocence phase; (3) a witness had improper contact with jurors during the trial; (4) his due process rights were violated by the presence of members of Bikers Against Child Abuse at his trial; (5) he received ineffective assistance of counsel at trial in a number of particulars; and (6) he received ineffective assistance of counsel on appeal. He also requested an evidentiary hearing.

### B. The Magistrate Judge's Report and Recommendation

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that the petition be denied.[1] Docket No. 11.

With regard to the first claim, the Magistrate Judge determined that the state courts had found Petitioner was neither surprised nor prejudiced by the testimony of Officer Black, the allegedly improper outcry witness. Further, there was no reasonable likelihood that the outcome of the trial would have been different but for the alleged misconduct. The state courts also found that the trial court had acted properly in designating Officer Black as the outcry witness. The Magistrate Judge therefore determined that Petitioner failed to show by clear and convincing evidence

---

[1] The conclusion of the Report recommends that the petition be "dismissed with prejudice as barred by the statute of limitations." Docket No. 11 at 41. This is plainly an inadvertent error, as the Report never otherwise discusses the statute of limitations and recommends denying each of Petitioner's argument on its merits.

2

that the state courts' conclusions were contrary to or involved an unreasonable application of clearly established federal law or resulted in a decision based upon an unreasonable determination of the facts. *Id.* at 6–9.

With regard to Petitioner's second point, the Magistrate Judge observed that Texas Code of Criminal Procedure Article 38.37 provides that notwithstanding Rules of Evidence 404 and 405, evidence that the defendant has committed a separate offense including sexual offenses or assaultive offenses against a child under 17 years of age may be admitted in a trial for sexual or assaultive offenses against a child under 17 years of age for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant. After a hearing, the trial court determined that the extraneous-offense evidence was admissible under Article 38.37 because it had bearing as to relevant matters including the character of the defendant and the acts performed in conformity with that character.[2]

The Magistrate Judge determined that the admission of the extraneous-offense evidence did not violate fundamental fairness and that the prejudicial nature of the evidence did not outweigh its probative value. The Magistrate Judge further stated that the state courts' decision that the evidence was admissible did not amount to an unreasonable determination of the law or the facts. *Id.* at 15.

---

[2] The extraneous-offense evidence showed that Petitioner had previously been arrested for soliciting sex from a minor on Craigslist and that Petitioner had performed essentially the same sexual acts upon another minor for which he was on trial in the present case.

3

Third, the Magistrate Judge concluded that the evidence showed one witness, Detective Brownlee, rode in the elevator with some jurors and one juror asked him where they could find out about information for their children on the internet. The witness replied that they should talk to the Longview Police Department. The state habeas court determined that the conversation did not pertain to any substantive matter at trial and that a new trial was not warranted because there was no reasonable likelihood that the outcome of the trial would have been different but for the alleged misconduct. The Magistrate Judge stated that Petitioner failed to overcome this finding with clear and convincing evidence and that Petitioner failed to show constitutional harm. *Id.* at 15–18.

Fourth, the Magistrate Judge stated that while members of Bikers Against Child Abuse were present at trial, the state habeas court found that the bikers were required to remove their jackets before entering the courtroom, there was no evidence that any juror saw anyone wearing the jackets inside or outside the courtroom, and there was no evidence that the group members' conduct or expressions interfered with the jury's verdict. While Petitioner offered the same affidavits he presented to the state habeas court, the Magistrate Judge concluded that these were not sufficient to overcome the state habeas court's findings by clear and convincing evidence. *Id.* at 18–20.

With regard to ineffective assistance of counsel at trial, Petitioner complained that his attorney, William Hughey, did not pursue impeachment evidence of text messages exchanged between witness Jeremy Johnson and the prosecutor, counsel

4

failed to impeach Angie Haden, Petitioner's ex-wife and mother of the alleged victim, with evidence that she initially did not believe the alleged victim, counsel did not obtain the psychiatric records of the alleged victim, counsel did not object to lack of notice of the outcry witness properly, counsel did not question the juror who had spoken to Detective Brownlee in the elevator, counsel did not object to the presence of Bikers Against Child Abuse, counsel failed to prepare witnesses, and counsel's errors amounted to cumulative error.

As the Magistrate Judge explained, in order to prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief on claims of ineffective assistance of counsel must show that his attorney's performance was deficient, and that the deficiency prejudiced him to the point that he was denied a fair trial. *Id.* at 20 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The Magistrate Judge concluded that Petitioner failed to meet the doubly deferential standard in that he did not show the state court's denial of relief was unreasonable. Further, in a thorough analysis, the Magistrate Judge determined that Petitioner had failed to show that but for any of the alleged errors of his counsel, the outcome of the proceeding would likely have been different. *Id.* at 22–35.

Petitioner also complained that he received ineffective assistance of counsel on appeal, arguing that appellate counsel failed to properly raise the issue of admission of extraneous acts by arguing that any probative value of this evidence was substantially outweighed by the danger of unfair prejudice. Appellate counsel stated in an affidavit that he believed this argument was so weak as to have no merit and

its inclusion would negatively distract the appellate court. The state habeas court found this affidavit credible and supported by the record.

The Magistrate Judge concluded that Petitioner offered nothing to suggest that the appellate court would likely have found admission of the extraneous offenses to have been an abuse of discretion. As noted above, the extraneous-offense evidence showed Petitioner solicited sexual acts from a minor on Craigslist and committed sexual acts upon another minor similar to those testified to by the alleged victim. Texas Code of Criminal Procedure Article 38.37 renders evidence of extraneous offenses frequently admissible in cases involving sexual assaults of children, notwithstanding the normal rules of evidence. And the admission of such evidence does not violate due process if the State makes a strong showing that the defendant committed the offense, and the extraneous offense is rationally connected with the offense charged. A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse of discretion standard. *Price v. State*, 594 S.W.3d 674, 679 (Tex. App.—Texarkana 2019, no pet.). The Magistrate Judge determined that Petitioner offered nothing to suggest that the appellate court would likely have found admission of this evidence to have been an abuse of discretion had the issue been raised on appeal. Thus, the Magistrate Judge rejected Petitioner's claim of ineffective assistance of counsel on appeal. *Id.* at 35–38.

Finally, the Magistrate Judge determined that Petitioner was not entitled to an evidentiary hearing because Petitioner did not present clear and convincing

evidence to rebut the state courts' factual findings and did not raise factual allegations which, if proven, would entitle him to relief. *Id.* at 38–40.

### C. Petitioner's Objections

Petitioner's objections largely repeat, often verbatim, the allegations of his complaint and brief in support. *See, e.g.*, Docket No. 4 at 34–35; Docket No. 12 at 8. As a general rule, objections which simply rehash or mirror the underlying claims addressed in the Magistrate Judge's Report are not entitled to de novo review. *See U.S. v. Morales*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to de novo review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, No. 97-cv-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate judge's recommendations.").

Furthermore, this Court and others have noted that simply asserting that the Magistrate Judge was in error is not a "specific written objection to the proposed findings and recommendations" sufficient to invoke de novo review. *Black v. CSQT, Inc.*, No. 6:17-cv-298, 2019 WL 6044180, at *3 (E.D. Tex. Nov. 15, 2019) (citing *LaFerney v. Director, TDCJ-CID*, No. 2:13-cv-806, 2014 WL 47403, at *1 (E.D. Tex. Jan. 6, 2014) (objections which simply repeat the allegations of the complaint offer nothing to contradict the Magistrate Judge's proposed findings and conclusions).

7

Despite the fact that most of Petitioner's objections are conclusory or merely restate arguments made previously, the Court will nevertheless review the objected-to portions of the Report de novo.

The Magistrate Judge correctly observed that violations of state law do not set out valid grounds for federal habeas corpus relief because federal habeas corpus is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure. *Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d 710, 711 (5th Cir.1986); *Charles v. Thaler*, 629 F.3d 494, 500 (5th Cir. 2011). Where there has been a violation of state procedure, the proper inquiry is to determine whether there has been a constitutional infraction of the defendant's due process rights that would render the trial as a whole fundamentally unfair. *Manning*, 786 F.2d at 711; *see also Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir.1981) (a state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved).

Petitioner has not shown a constitutional infraction of his due process rights rendering the trial fundamentally unfair. The state appellate and habeas courts found that the trial court acted properly in designating Black as the outcry witness, and the state habeas court found that Petitioner was neither surprised nor prejudiced by Black's testimony. Petitioner has not overcome these findings with clear and convincing evidence.

Had Kelli Faussett testified as the outcry witness, as Petitioner argued she was, she could have testified to the offenses occurring in Gregg County. Petitioner

8

has not shown harm in the fact that Black gave evidence concerning events in Gregg County rather than Faussett giving evidence concerning events in Gregg County.[3] Petitioner has not shown that the state court's adjudication of his claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. His objection on this point is without merit.

Although Petitioner complained of the introduction of the extraneous-evidence testimony, he simply rehashes the claims previously raised and addressed in the Magistrate Judge's Report. Article 38.37 permits admission of evidence that a defendant charged with sexual or assaultive offenses against a child under 17 years of age has committed a separate offense including sexual offenses or assaultive offenses against a child under 17 years of age for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant. Although Petitioner seeks to gloss over the facts by saying he was trying to contact "younger men" for sex on Craigslist, the evidence showed that he believed he was contacting a 14-year-old child. The Magistrate Judge correctly concluded that the state courts' conclusions regarding the admissibility of this evidence was not an unreasonable determination of the law or the facts, and Petitioner's objection on this point is without merit.

---

[3] Respondent correctly notes that the Sixth Amendment venue provision does not apply to state prosecutions. The right to a trial in the district where the crime was committed is not a right that rises to the level of being "fundamental and essential to a fair trial." Thus, the State may constitutionally try a defendant in a county other than the county where the crime was committed. *Cook v. Morrill*, 783 F.2d 593, 596 (5th Cir. 1986). And the question of venue does not itself raise a constitutional issue.

Petitioner's objections to the Magistrate Judge's conclusions concerning his claims of ineffective assistance of counsel likewise repeat the claims raised in his original petition and brief. A habeas petitioner who claims ineffective assistance of counsel must show that counsel's representation fell below an objective standard of reasonableness and that the deficiency was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. at 688–92. The claims are reviewed under the "doubly deferential" standard; that is, the Court takes a highly deferential look at counsel's performance under *Strickland* through the deferential lens of § 2254(d). *Pinholster*, 563 U.S. at 190 (2011). Considering the deference afforded by § 2254(d)(1), the pivotal question is whether the state court's application of the *Strickland* standard was unreasonable, *see Harrington*, 562 U.S. at 101, and an "unreasonable" application of federal law is different from an "incorrect" application of federal law. *Williams v. Taylor*, 529 U.S. 362, 365 (2000). The Magistrate Judge correctly determined that Petitioner's claims of ineffective assistance of counsel, at trial and on appeal, failed to meet the *Strickland* standard when viewed through the lens of double deference. Petitioner's objections in this regard are without merit.[4]

Next, Petitioner complains that he only received "a pretense" of a hearing in state court, and thus should be entitled to a hearing in federal court. The Magistrate

---

[4] Petitioner argues that counsel might have been able to impeach Angie Haden's testimony depending on the substance of the alleged victim's psychiatric record. Docket No. 11 at 15. But this speculation is not sufficient to justify an order of discovery under Rule 6 of the Rules Governing Section 2254 Proceedings in the United States District Courts. *See Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000) (Rule 6 does not authorize fishing expeditions). Likewise, the Magistrate Judge correctly concluded that speculation that counsel might have uncovered favorable evidence with regard to Jeremy Johnson's text messages is not sufficient to show prejudice. *Diaz v. Quarterman*, 239 F. App'x 886 (5th Cir. 2007).

10

Judge correctly observed that the fact that the state habeas court conducts its hearing via affidavit rather than a live evidentiary hearing does not itself make the state court findings insufficient. A full and fair hearing in state court is not a precondition to applying the presumption of correctness to the state court findings of fact, *see Valdez v. Cockrell*, 274 F.3d 941, 951 (5th Cir. 2001), nor is it a prerequisite for deference to legal determinations, *Wiley v. Epps*, 625 F.3d 199, 207 (5th Cir. 2010). Instead, the federal court can resolve the claim without the deference that the law requires if the state court's adjudication of the claim is dependent upon an antecedent unreasonable application of federal law. *See Panetti v. Quarterman,* 551 U.S. 930, 953 (2007).

Although Petitioner complained of the procedures employed by the state habeas court, he failed to rebut the state court's findings by clear and convincing evidence, nor did he show that the state court's adjudication of his claims was based upon an antecedent unreasonable application of federal law. Thus, because the state habeas court denied relief on the merits of his claims, Petitioner must show that the state court's adjudication of his claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Magistrate Judge did not err in determining that Petitioner was not entitled to an evidentiary hearing, and Petitioner's objection on this point is without merit.

Petitioner also objects to the denial of a certificate of appealability, stating in a conclusory manner that "petitioner has made a substantial showing of the denial of a federal right and the issues presented are adequate to deserve encouragement to proceed further." A habeas petitioner's conclusory assertion that jurists of reason would find his claims to be debatable is insufficient to warrant the issuance of a certificate of appealability. *See Bagby v. Saffle*, 53 F.App'x 25 (10th Cir. 2002). Accordingly, Petitioner's objection on this issue is without merit.

### D. Conclusion

The Court has conducted a careful de novo review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the Magistrate Judge is correct, other than an inadvertent reference to the statute of limitations, and the Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 12) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 11) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability sua sponte.

So **ORDERED** and **SIGNED** this **29th** day of **June, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE